UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VESSELL PROPERTY MANAGEMENT, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) )  Case No. 4:22 CV 791 JMB ) |
| GPJ SWEET DISTRIBUTIONS, LLC, and UNITED STATES SMALL BUSINESS ADMINISTRATION, | ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court, *sua sponte*, following Plaintiff Vessell Property Management, LLC's ("Plaintiff") failure to comply with court orders. For the reasons stated below, the Court will dismiss this case without prejudice, for failure to prosecute and failure to comply with court orders.

I.   **BACKGROUND**

On June 10, 2022, Plaintiff filed this action in state court naming two Defendants: GPJ Sweet Distributions, LLC, and United States Small Business Administration ("SBA") (collectively "Defendants"). In the Petition, Plaintiff alleges that SBA abandoned its security interest in certain business equipment and personal property in its possession and seeks declaratory judgment holding that Defendants have abandoned the business equipment and other personal property and allowing Plaintiff to dispose of the business equipment and personal property. (ECF No. 1-1)

On July 28, 2022, this matter was removed from the Phelps County, Missouri, Circuit Court, to the United States District Court for the Eastern District of Missouri. The State docket reflects that Plaintiff is represented by Attorney James T. Crump, an attorney in Rolla, Missouri, which is in the Eastern District of Missouri. When the case was removed to our Court, a Court

Deputy Clerk notified Mr. Crump that he must apply for admission to our Court, pursuant to Local Rule 12, if he wanted to appear as an attorney of record in this matter. Mr. Crump did not respond. Thereafter, a Court Deputy Clerk contacted his office more than once to try to facilitate his admission process without success or response. Based on Mr. Crump's failure to seek admission to this Court, the undersigned entered a Show Cause Order, directing Mr. Crump to show cause no later than August 15, 2022, why he should not be stricken as counsel of record in this case for his failure to seek admission to practice before this Court.

After the deadline for complying had passed, on August 18, 2022, the Court ordered that Mr. Crump be stricken as attorney for Plaintiff for failure to comply with the local rules. The Court also ordered Plaintiff to retain substitute counsel to make a formal appearance of record within thirty days, and warned that Plaintiff's failure to retain new counsel may result in the Court dismissing Plaintiff's claims against Defendants without prejudice. That deadline has now passed, and Plaintiff has neither requested additional time nor retained new counsel.

**II.     DISCUSSION**

Federal Rule of Civil Procedure 41(b) permits a defendant to move to dismiss a case based on a plaintiff's failure to prosecute or a plaintiff's failure to comply with a court order. The United States Supreme Court has held that although Rule 41(b) does not expressly address the Court's authority to dismiss a case *sua sponte* for failure to prosecute or failure to comply with a court order, "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). See also Miller v. Benson, 51 F.3d 166, 168 (8th Cir. 1995) ("District courts have inherent power to dismiss sua sponte a case for failure to prosecute, and we review the exercise of this power for abuse of discretion.").

Similarly, the Eighth Circuit has also found that the district court has the power to dismiss a case *sua sponte* for failure to comply with a court order.  See Haley v. Kansas City Star, 761 F.2d 489, 490 (8th Cir. 1985) ("A district court may, on its own motion, dismiss an action for failure of the plaintiff to comply with any order of the court.").

Plaintiff has repeatedly failed to comply with, or respond to, this Court's orders, and has failed to take any action at all in this case since SBA removed this case on July 28, 2022.  Under these circumstances, the Court finds that Plaintiff's Petition should be dismissed, without prejudice, for failure to prosecute and failure to comply with court orders.

Accordingly,

**IT IS HEREBY ORDERED** that this case is DISMISSED, without prejudice, for failure to prosecute.  A separate Order of Dismissal will be filed with this Memorandum and Order.

**IT IS FURTHER ORDERED** that Defendant United States Small Business Administration's Motion to Dismiss, Doc. [10], is DENIED as moot.

**IT IS FURTHER ORDERED** that a Deputy Clerk of the Court provide a copy of this Memorandum and Order and Order of Dismissal to Plaintiff Vessell Property Management, LLC via first class mail, postage prepaid to 1322 California Drive, Rolla, Missouri 65401-4513.

Dated this 22nd day of September, 2022

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE